IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

BARRY J. BENNETT,

    Plaintiff,

vs.                                             Case No. 4:12cv32-MP/CAS

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding pro se and in forma pauperis, filed a second amended civil rights complaint under 42 U.S.C. § 1983. Doc. 17. The second amended complaint has been reviewed pursuant to 28 U.S.C. § 1915A.

Plaintiff alleges that he suffered discrimination and retaliation by several prison officials who are employed at Glades Work Camp in Belle Glade, Florida. Doc. 17. The events at issue took place in Belle Glade as well. The only two Defendants in this case who are located in the territorial jurisdiction of the Northern District of Florida are Defendants T. Bowden and the Florida Department of Corrections. *Id.* at 3-4. Although Plaintiff's allegations against Defendant Bowden are not a model of clarity, it appears that this official is named as a Defendant solely because Defendant Bowden approved

or affirmed a grievance. That is not a sufficient basis for liability. An allegation that prison officials denied grievances does not "support a finding of constitutional violations on the part of" those defendants. Raske v. Dugger, 819 F. Supp. 1046, 1054 (M.D. Fla. 1993). While Plaintiff's allegation against Defendant Bowden is conclusory, it is also insufficient because Defendant Bowden's only alleged involvement is in reviewing Plaintiff's grievance at the Secretary's level. In essence, such a claim is based on a theory of *respondeat superior* in that Plaintiff contends Defendant Bowden approved the decision of Defendant Parker. *Respondeat superior*, without more, does not provide a basis for recovery under § 1983. Polk County v. Dodson, 454 U.S. 312, 325, 102 S. Ct. 445, 453, 70 L. Ed. 2d 509 (1981); Harvey v. Harvey, 949 F.2d 1127, 1129 (11th Cir. 1992), *citing* Monell v. Department of Social Services, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). Thus, Defendant Bowden should be dismissed from this case.

Additionally, Plaintiff may not name the Florida Department of Corrections as a Defendant because the Department of Corrections is not a "person" that may be sued under § 1983. Suits against States and state officials are not possible pursuant to 42 U.S.C. § 1983 because the state, state agencies, and state officials acting in official capacity are not "persons" as intended by § 1983. Will v. Michigan Department of State Police, 491 U.S. 58, 109 S. Ct. 2304, 2308-2311, 105 L.Ed.2d 45 (1989). Furthermore, the State of Florida and its agencies are immune from suit in this court by force of the Eleventh Amendment. Carr v. City of Florence, Alabama, 916 F.2d 1521, 1524 (11th Cir. 1990). The Department of Corrections must also be dismissed from Plaintiff's second amended complaint.

In light of the above, this dismissal would leave no Defendant within the jurisdiction of the Northern District of Florida. All remaining Defendants would be in Belle Glade, Florida, which is a city within Palm Beach County, Florida. Because Palm Beach County is located in the Southern District of Florida, as are each of the Defendants, the proper forum for this action pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 89(c) is in the United States District Court for the Southern District of Florida, Palm Beach Division.

A federal district court has the authority under 28 U.S.C. § 1406(a) to transfer a case to another district or division "in which it could have been brought." The Court may also raise the issue of defective venue *sua sponte*. <u>Lipofsky v. New York State Workers Comp. Bd.</u>, 861 F.2d 1257, 1259 (11th Cir. 1988) (stating "a district court may raise on its own motion an issue of defective venue or lack of personal jurisdiction; but the court may not dismiss without first giving the parties an opportunity to present their views on the issue.")

In light of the foregoing, and pursuant to 28 U.S.C. §§ 1404(a) and 1406(a), it is respectfully **RECOMMENDED** that Defendants Bowden and the Florida Department of Corrections be **DISMISSED** from this case, and that the case be **TRANSFERRED** to the United States District Court for the Southern District of Florida, Palm Beach Division, for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on August 27, 2012.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

Case No. 4:12cv32-MP/CAS

## NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.